## MARIA RODRIGUEZ Y PUJALS

*v.*

## MANUEL ARGUESO Y FLORES, ERNESTINA FRIAS DE NOYA, AND MULLENHOFF & KORBER.

---

Equity, No. 309.

Statement:   M. & K. had a first mortgage on A.'s land; B. had a second unsatisfied mortgage.   By a private agreement with A., M. & K. agreed to foreclose their mortgage, buy in all of the property, and transfer it back to A., except one tract, which they kept to satisfy their debt. A subsequent judicial sale of the other tracts produced a fund in court. R. was a judgment creditor of A.   L. & Co. were mortgage creditors of A., and had foreclosed and had a deficiency decree against him.   P. was A.'s lawyer in the litigation, and had a claim for professional services.
Held:   That B. had the best right to the fund in court, but subject to the payment of P.'s claim for fees.

Opinion filed July 31, 1908.

Rodriguez y Pujals v. Argueso y Flores.

*Mr. N. B. K. Pettingill,* for defendants Argueso and wife..

*Mr. Herminio Diaz* and *Mr. C. Coll y Cuchi,* for defendants. Mullenhoff & Korber.

*Messrs. Hartzell & Rodriguez Serra,* for Bertran et al.

*Mr. Willis Sweet* and *Mr. Rafael Ferrer,* for Maria Rossner· de Kenney.

*Mr. Francis H. Dexter,* for Lothrop, Luce, & Co.

*Mr. N. B. K. Pettingill,* for N. B.·K. Pettingill.

RODEY, Judge, delivered the following opinion:

There remains in the registry of this court a fund of $1,856.- 50, from which a little additional costs will yet have to be· deducted.

The fund is a surplus that remains over out of the proceeds: of the sale of the property involved, after paying the complain-- ant the amount of her decree in this cause.

There are four different applicants for this money, each of which has petitioned for it. The first petition was filed June· 10th, 1907, by the respondents in equity suit No. 315. The· second was filed October 7th, 1907, by Maria Rossner de Ken-- ney. The third was filed on January 21, 1908, by Lothrop,. Luce, & Co., the complainants in equity suit No. 377, and the· last was filed on March 27th, 1908, by N. B. K. Pettingill, Esq.,. of counsel for respondents Argueso and wife in this present case, alleging that he is entitled to a portion of said money as his.

counsel fee in the cause, and for counsel fees in cause No. 315, aforesaid, in which he represented the same parties, one Argueso and wife.

The whole controversy arises out of a very peculiar set of transactions indulged in by said Argueso and wife, who are alleged to have absconded from Porto Rico, or, at least, to be nonresidents thereof, and their actions in and about the mortgaging of a lot of property, as fully set forth in our opinion in equity cause No. 315, aforesaid, entitled Bertran y Casañas v. Mullenhoff, 3 Porto Rico Fed. Rep. 380.

We have examined the briefs of all the parties, and are satisfied that, notwithstanding our opinion in Bertran y Casañas v. Mullenhoff, supra, but, in fact, in accordance therewith, the plaintiffs in that suit are entitled to this money by reason of having an equitable lien thereon, but subject to the claim of Mr. Pettingill for his fee in this particular suit.

Bertran et als. had a second mortgage upon an estate called "Ingenio." Mullenhoff & Korber had a first mortgage on the same estate and much other property. The first mortgagees received the estate Ingenio alone, in full satisfaction of their whole claim, and, after foreclosure on all the properties, and the shutting out of the second lien holder, turned over to the mortgagors, Argueso and wife, through the latter's brother-in-law, one Fulladosa, who acted as conduit for that purpose, a considerable sum of money and many of the other pieces of property on which their mortgage had been a first lien, and which they obtained in the foreclosure proceedings.

This surplus fund arises from the sale of one of those other pieces of property, and therefore we think that, as Bertran et als., the plaintiffs in suit No. 315, aforesaid, had a second mort-

Rodriguez y Pujals v. Argueso y Flores.

gage on Ingenio, which second mortgage, as stated, was wiped out of existence by the sale under Mullenhoff & Korber's first mortgage, but the amount of which said mortgage its owners could not collect, owing to the peculiar facts and circumstances of the case, as set out in our opinion aforesaid, still we believe they are entitled to all of the result of that foreclosure, over and above what went in truth to pay the first mortgage, that they can catch, upon which no other person has a prior or better mortgage or other lien.

We think, though, that under the peculiar facts of all the litigation here referred to, and on general principles, counsel for Argueso and wife is entitled to a first lien on this surplus fund for his fees in this particular case only, and that Bertran et als. are, in law and in equity, entitled to the balance.

The applicant Mrs. Rossner de Kenney simply has a plain judgment against Argueso and wife, but she had no mortgage against or claim upon Ingenio, and therefore is not, in our opinion, entitled to any of this fund as against the better right here referred to. We do not think that §§ 1826, 1827 of the Revised Statutes of Porto Rico of 1902, cited by her counsel, apply in this sort of a case in this court, if at all.

Messrs. Lothrop, Luce, & Co. foreclosed their mortgage by equity suit No. 377, and got a surplus decree; but, as they had no mortgage on the estate Ingenio, we feel that they are in no better position as to this fund than Mrs. Rossner de Kenney, and therefore they are not entitled to any of the fund.

We find that although our opinion was filed in suit No. 315, aforesaid, on February 21, 1908, no final decree, as therein ordered, has yet been prepared or entered of record, either in favor of Mullenhoff & Korber, or for the money due the plain-

Rodriguez y Pujals v. Argueso y Flores.

tiffs Bertran et als., as therein ordered, and therefore it is now
ordered that such decree be immediately prepared and entered
in the premises; and it is further ordered that evidence be at.
once taken before the court itself as to the value of the services.
of N. B. K. Pettingill, Esq., in this particular suit, No. 309,.
for which we here hold that he has a prior lien, and, after his.
compensation is fixed and allowed, he will be paid the same out
of the fund in question, and the balance will be paid to plain-
tiffs Bertran et als. or their counsel in equity suit No. 315,.
aforesaid, in proportions as their interest may appear.

Therefore all proper orders will be immediately prepared and
entered of record in this and in any other of the causes referred
to as may be necessary, finding, ordering, and decreeing in all
respects in accordance with these expressions of our views.